

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-81,806-03 & WR-81,806-04

**EX PARTE JEENA ROBERTS, Applicant**

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 2010-429,389-B & 2010-429,390-B
### IN THE 140TH DISTRICT COURT FROM LUBBOCK COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of intoxication assault and intoxication manslaughter and sentenced to eight years' imprisonment and fifteen years' imprisonment, respectively.

Applicant contends, among other things, that she was deprived her right to file an appeal. The trial court has signed findings of fact stating that Applicant did not waive her right to appeal rulings on pre-trial motions as part of the plea agreement and, therefore, was denied her right to file

an appeal.

The trial court has recommended that Applicant be granted relief. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgments of convictions in Cause No. 2010-429,389 and Cause No. 2010-429,390 from the 140th Judicial District Court of Lubbock County.

Applicant is ordered returned to that time at which she may give a written notice of appeal so that she may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, she must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: June 10, 2015
Do Not Publish